```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

LARRY YOUNG and MELISSA YOUNG,
his wife,

    Plaintiffs

v.                                Civil Action No. 2:10-0013

CHRISTOPHER COOK and
ALLSTATE INSURANCE COMPANY
an Illinois corporation,

    Defendants

## MEMORANDUM OPINION AND ORDER

Pending is defendant Allstate Insurance Company's ("Allstate") motion to exclude attorney witnesses filed April 6, 2011.

### I.

Count One of the complaint alleges a claim for damages against defendant Christopher Cook arising from an August 14, 2008, automobile accident. Count Two alleges a claim against Allstate for alleged violations of the West Virginia Unfair Trade Practices Act ("UTPA") committed during the course of the handling of plaintiffs' claim for underinsured motorist coverage arising out of the August 14, 2008, accident.

On January 19, 2010, the court's order and notice was entered. It set a March 19, 2010, deadline for Rule 26(a)(1) disclosures. On February 8, 2010, Allstate moved to bifurcate and stay Count Two. On March 17, 2010, the court entered a scheduling order providing in pertinent part as follows:

> 2. <u>Discovery</u>. The parties shall complete all discovery requests by July 19, 2010, and all depositions by September 1, 2010. The last date to complete depositions shall be the "discovery completion date" by which all discovery, including disclosures required by Federal Rule of Civil Procedure 26(a)(1) . . . shall be completed. . . .

<u>Young v. Cook</u>, No. 2:10-0013, sched. ord. at 1-2 (S.D. W. Va. Mar. 17, 2010).

On March 19, 2010, plaintiffs served their Rule 26(a)(1) disclosures, which apparently did not name any lawyers as fact witnesses. On March 26, 2010, the court granted the bifurcation request. <u>See</u> <u>Young v. Cook</u>, No. 2:10-0013, slip op. at 2 (S.D. W. Va. Mar. 26, 2010) (stating that "all discovery respecting Count Two . . . is . . . stayed pending the further order of the court.").

On August 12, 2010, the court entered a proposed agreed order dismissing Count One. The parties filed a new Rule 26(f) Report addressing scheduling issues related to Count Two. The Rule 26(f) Report states that "[t]he parties will exchange by

2

October 18, 2010 the information required by Fed.R.Civ.P. 26(a)(1)."  (R. 26(f) Rep. ¶ 2).

On August 27, 2010, plaintiffs sent their first set of discovery requests to Allstate.  They granted Allstate an extension of time to answer these requests until October 15, 2010.  On September 3, 2010, the court entered a scheduling order concerning Count Two, which provided in pertinent part as follows:

> 1. <u>Discovery</u>.  The parties shall complete all discovery requests by December 20, 2010, and all depositions by February 1, 2011.  The last date to complete depositions shall be the "discovery completion date" by which all discovery, including disclosures required by Federal Rule of Civil Procedure 26{a) (1) . . . shall be completed.

<u>Young v. Cook</u>, No. 2:10-0013, sched. ord. at 1-2 (S.D. W. Va. Sept. 3, 2010).

On September 8, 2010, Allstate served its First Set of Discovery Requests.  Interrogatory number 5 sought identification of:

> all witnesses who will be able to provide any factual support for your contention that . . . Defendant violated the West Virginia Unfair Trade Practices Act.  Please state what these witnesses will testify about.

(Def.'s Mot. to Excl., Ex. B at 5).  On November 2, 2010, plaintiffs objected, noting as follows:

> **This Interrogatory is premature as discovery is still ongoing in this matter. . . . [P]laintiffs reserve the right to supplement this response as additional information becomes available during discovery.**

(Id., Ex. C, at 4).

On October 15, 2010, Allstate responded to plaintiff's discovery requests served on August 27, 2010. The response included a compact disc containing 651 civil actions, prosecuted by 353 lawyers, against Allstate from 1984 through 2009. On December 3, 2010, plaintiffs supplemented their November 2, 2010, interrogatory response. They stated as follows:

> Counsel for the Plaintiff[s] is in the process of contacting other West Virginia counsel who have had similar bad faith cases against Allstate which were identified in Allstate's discovery responses. Plaintiffs reserve the right to supplement this response upon receipt of the report from their expert witness.

(Id., Ex. D at 1-2).

On January 31, 2011, the parties jointly moved to modify the September 3, 2010, scheduling order. On February 2, 2011, the court granted the requested modification. The February 2, 2011, revised scheduling order set a discovery completion date of May 3, 2011. The February 2, 2011, revised scheduling order also stated as follows:

> With the exception of the above modifications, the requirements and directives of the original scheduling

4

order shall remain in full force and effect.

Young v. Cook, No. 2:10-0013, sched. ord. at 2 (S.D. W. Va. Feb. 2, 2010).

On March 15, 2011, plaintiffs again supplemented their November 2, 2010, interrogatory response. They identified eight lawyers as fact witnesses, namely, Daniel C. Cooper, Robert P. Fitzsimmons, Gregory H. Schillace, Robert Bruce Warner, James G. Bordas, David Romano, Troy Giatras, and Marvin Masters. These lawyers were apparently culled from the list of 353 lawyers provided to plaintiffs by Allstate on October 15, 2010. Contact information was provided for the lawyers, along with a summary of the testimony expected from each. The lawyer testimony appears to concern their prior experiences with Allstate in UTPA litigation.

On April 6, 2011, Allstate moved to exclude the eight lawyer fact witnesses. It asserts, inter alia, that (1) the disclosure was untimely, unjustified, and prejudicial, and (2) the lawyer witnesses were disclosed only after plaintiffs failed to develop any direct evidence from Allstate supporting the Count Two UTPA claim.

Plaintiffs note that the bifurcation of Count Two ended on September 3, 2010, with the entry of a scheduling order on

that date. They point to the language found in paragraph 1 of that scheduling order, along with the revised scheduling order entered February 2, 2011, which they construe as effectively allowing them to serve their Rule 26(a)(1) disclosures up until the close of discovery. Inasmuch as they disclosed the names of the eight lawyers on March 15, 2011, nearly two months prior to the close of discovery, they assert timely notice. Plaintiffs also note that Allstate was the source of information from which the disclosed lawyers were identified. They additionally say that they offered to assist Allstate in contacting the eight lawyers and arranging for the taking of their depositions.

II.

A. Governing Standard

Federal Rule of Civil Procedure 26(a)(1) provides pertinently as follows:

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>
> > (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the

> disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

Fed. R. Civ. Proc. 26(a)(1). There is also the obligation to "timely" supplement Rule 26(a) disclosures and interrogatory responses. See Fed. R. Civ. Proc. 26(e). The failure to make the required disclosures or supplementation may result in significant repercussions pursuant to Rule 37(c)(1):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. . . .

Fed. R. Civ. Proc. 37(c)(1).

Harmlessness or substantial justification under Rule 37(c)(1) are ascertained by examining four factors, as restated recently by our court of appeals:

> (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony.

Hoyle v. Freightliner, LLC, No. 09-2024, --- F.3d ----, ---, 2011 WL 1206658, at *4 (4th Cir. Apr. 1, 2011) (quoting Southern States Rack and Fixture v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003) (internal quotation marks omitted)). The

court of appeals has "not required [district] courts to expressly consider each factor when evaluating discovery violations." See id.; Carr v. Deeds, 453 F.3d 593, 604 (4th Cir. 2006). Additionally, the Rule 37(c)(1) "sanction of exclusion. . . does not require a finding of bad faith or callous disregard of the discovery rules." Id.

B.  Analysis

The court must first ascertain if the March 15, 2011, disclosure of the eight lawyers was untimely. The appropriate starting point for answering that question is the September 3, 2010, scheduling order that revived the previously stayed Count Two. The scheduling order, as noted, provides as follows:

> The parties shall complete all discovery requests by December 20, 2010, and all depositions by February 1, 2011. The last date to complete depositions shall be the "discovery completion date" by which all discovery, including disclosures required by Federal Rule of Civil Procedure 26(a) (1) . . . shall be completed.

Young v. Cook, No. 2:10-0013, sched. ord. at 1-2 (S.D. W. Va. Sept. 3, 2010) (emphasis added). The revised scheduling order entered February 2, 2011, which set a discovery completion date of May 3, 2011, incorporated the substance of the foregoing paragraph from the September 3, 2010, scheduling order.

One might possibly read the underscored language above to allow Rule 26(a)(1) disclosures up until the February 1, 2011, discovery deadline, extended to May 3, 2011, by the February 2, 2011, revised scheduling order. That is a dubious reading, of course, inasmuch as discovery would close simultaneous with the disclosure of additional witnesses. It might be asserted that plaintiffs understood the fallacy inasmuch as they disclosed the eight lawyers well in advance of the May 3, 2011, discovery deadline.

Nevertheless, in light of the potential ambiguity, the court declines to find the March 15, 2011, disclosure untimely. It came nearly two months in advance of the close of discovery, without a clear deadline having been previously established for Rule 26(a)(1) disclosures following the September 3, 2010, lifting of the stay as to Count Two. Also, Allstate was provided a substantial extension of time in order to respond on October 15, 2010, to plaintiffs' August 27, 2010, discovery request. That response, listing 651 civil actions and 353 prosecuting lawyers, doubtless imposed a significant burden of review on plaintiffs' counsel, who nevertheless whittled the substantial number of lawyers done to eight, again well before the close of discovery.

To the extent that this determination imposes a hardship upon Allstate, it is given leave to seek a further modification of the scheduling order to permit the orderly preparation for, and deposition of, the eight lawyers.  Any such request should be made no later than May 27, 2011.[1]

The court, accordingly, ORDERS that Allstate's motion to exclude attorney witnesses be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: May 20, 2011

John T. Copenhaver, Jr.
United States District Judge

---

[1]In the event that the court did not strike the eight lawyers as witnesses, Allstate offered this alternative request in its reply brief:

> Allstate requests the opportunity to file a Motion for Summary Judgment on Mr. Young's claim prior to going through the extensive discovery on the attorney witnesses. If no bad faith occurred in Mr. Young's claim, then any alleged general business practice is irrelevant.

(Def.'s Reply at 5-6).  Counsel are directed to discuss the matter promptly.  They may present their joint or respective views on the matter in the event that either party moves for a scheduling order extension as outlined supra.