```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

LARRY YOUNG and MELISSA YOUNG,
his wife,

    Plaintiffs

v.                                     Civil Action No. 2:10-0013

ALLSTATE INSURANCE COMPANY
an Illinois corporation,

    Defendant


## MEMORANDUM OPINION AND ORDER

Pending is defendant's appeal of a June 15, 2011, order entered by the United States Magistrate Judge, filed June 29, 2011.[1]

Federal Rule of Civil Procedure 72(a) governs appeals from rulings of a magistrate judge on nondispositive matters:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must

---

[1] Also pending is plaintiffs' motion to extend their time to respond to defendant's appeal, filed June 30, 2011. It is ORDERED that the motion to extend be, and it hereby is, granted. Plaintiffs' response to the appeal, received July 13, 2011, is deemed timely.

> consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. Proc. 72(a) (emphasis added).  The United States Court of Appeals for the Tenth Circuit has observed as follows:

> Rule 72(a), and its statutory companion, see 28 U.S.C. § 636(b)(1), place limits on a party's ability to seek review of a magistrate judge's non-dispositive order. . . .
>
> In [sum] . . . , the district court was required to "defer to the magistrate judge's ruling unless it [was] clearly erroneous or contrary to law."

Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006) (emphasis added)(quoted authority omitted).

A decision is clearly erroneous when, following a review of the entire record, a court "is left with the definite and firm conviction that a mistake has been committed."  United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).  A decision is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp.2d 1087, 1093 (N.D. Iowa 2008).

The magistrate judge granted plaintiffs' motion to compel defendant to fully respond to plaintiffs' second set of interrogatories and request for production of documents.  The

magistrate judge found that "Allstate's objections to Interrogatories 1 and 2, and Request Nos. 3 and 5 . . . [constituted] inappropriate boilerplate," and she granted the motion to compel as to those items and, additionally, Request No. 1. (Ord. at 3).

Defendant "primar[il]y" objects to the magistrate judge's direction that it "produce documents it does not possess [and] which [it] said it did not possess in response to the requests." (Appeal at 2). In particular, defendant asserts that discovery related to something known as "Tech-Core" is inappropriate on the following grounds:

> Magistrate Stanley's Order does not address the fact that <u>there is no such thing as Tech-Cor[e] training</u>. Magistrate Stanley has ordered Allstate to identify individuals responsible for designing and implementing . . . [that] program identified <u>by a term that is essentially corporate slang for internal training and manuals</u>. . . . When the term is corporate slang, and the party has no idea what is meant by it, and explains why, such an objection ceases to be boilerplate. . . . Allstate's employees' testimony, attached as exhibits to Plaintiffs' Motion to Compel, show how differently those employees use the term Tech-Cor[e]. For example, one adjuster stated she received claims handling policies and procedures previously produced in this case as part of Tech-Cor[e]. Another adjuster could not recall receiving any written materials at all, but testified elsewhere that he had received the same policy manuals discussed by the other adjuster.

(Appeal at 4-5 (emphasis added) (citations omitted)).

3

Testimony by at least two of defendant's adjusters, along with that of its Rule 30(b)(6) designee, appear to refer to "Tech-Core." (See Dep. of Shelly Fariss at 54 ("That information would have been received from Tech-Cor[e], which I'm not sure who the trainers were."); Dep. of John Roberts at 10, 13; Dep. of Suzanne Lamphier at 7-9 ("We had two weeks training in our home office facility called Tech-Core.")). The magistrate judge specifically referenced testimony by Ms. Lamphier, the Rule 30(b)(6) designee, in reaching her decision concerning disclosure.

Inasmuch as defendant's employees testified to the existence of "Tech Core," this portion of the order appealed from is neither clearly erroneous nor contrary to law.[2]

Defendant further challenges that portion of the order appealed from that requires it to respond to a request for production of "'all training programs, papers, class room

---

[2] Both parties seem to exalt form over substance at times in their filed materials. The crux of plaintiffs' request is for information relating to the training of defendant's adjusters concerning uninsured motorist and unfair trade practice claims. Irrespective of nomenclature differences, defendant should respond in substance to the request made, something plaintiffs contend it has not done. (See, e.g., Resp. to Objecs. at 6 ("Allstate has not provided the Plaintiff with any adjuster training information . . . .")).

4

handouts, and/or presentations that were prepared by Suzanne Lamphier relating to unfair trade practices, bad faith risk avoidance, file quality documentation, and good faith claim handling in the last five years.'" (Appeal at 6 (quoting Request No. 5). Defendant advised the magistrate judge that it possessed no such documents. It additionally notes that Ms. Lamphier advised counsel during her deposition that she prepared no "programs, papers, handouts, or presentations." (Id.)

Defendant has stated in its appeal that it intends to "supplement its discovery responses with any documents used by Suzanne Lamphier, not previously produced, despite the fact that those documents were not requested by Plaintiffs' request." (Id. at 7). Plaintiffs appear satisfied with this voluntary disclosure on the point. (See, e.g., Pls.' Resp. to Appeal at 7 ("It appears that Allstate has waived this objection as it has agreed that it 'will supplement its discovery responses with any documents used by Suzanne Lamphier, not previously produced . . . . .'")). Defendant has not replied.

Based upon defendant's promised production, and plaintiffs' apparent satisfaction therewith, the court deems this portion of defendant's appeal to be moot. Should further

controversy develop on the point, the parties may present the matter to the magistrate judge for disposition.

Defendant also challenges that portion of the magistrate judge's order directing it to produce certain employee "performance related records contained in . . . personnel files . . . including completion of training, commendations, reprimands, recommendations for advancement or demotion, etc." (Ord at 5). Defendant has agreed to "produce the test results for compliance training for the adjuster employees [about whom plaintiffs inquired] and reserves their right to challenge the admissibility of the same at trial." (Objecs. at 6). Plaintiffs appear satisfied with this voluntary disclosure on the point. (Pls.' Resp. to Objecs. at 7 ("It appears that Allstate is waiving this objection as it has agreed it "'will produce the test results for compliance training for the adjuster employees.")). Defendant has not replied.

Based upon defendant's promised production, and plaintiffs' apparent satisfaction therewith, the court deems this portion of defendant's appeal to be moot. Should further controversy develop on the point, the parties may present the matter to the magistrate judge for disposition.

Inasmuch as defendant has not demonstrated that the order appealed from is either clearly erroneous or contrary to law, it is ORDERED that the June 15, 2011, order be, and it hereby is, affirmed.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: August 2, 2011

John T. Copenhaver, Jr.
United States District Judge